C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
PAMELA HANSON,

                      Plaintiff,

      - against -

DETECTIVE JAMES MOSS,

                      Defendant.
---------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

10 Civ. 5418 (BMC)(LB)

**COGAN**, District Judge.

The instant complaint is Pamela Hanson's fourth against the same defendant. See Hanson v. Moss et al., No. 10-CV-484; Hanson v. Moss et al., No. 10-CV-1771; Hanson v. Moss, 10-CV-3199. It appears to be entirely duplicative of No. 10-CV-484., which Hanson has recently settled with the City of New York for a nominal sum. This Court has previously dismissed No. 10-CV-1771, a duplicative complaint of that action. In a letter annexed to the instant complaint, Hanson acknowledges that it is her second complaint, but does not explain why she is pursuing another action after the settlement.

The complaint is dismissed without leave to replead. See Forman v. Davis, 371 U.S. 178, 182 (1962); Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003). To the extent that it states a plausible claim, it is again duplicative of Hanson's previous action and is foreclosed by the settlement. Cf. Jones v. Bock, 549 U.S. 199, 215 (2007) (noting that a complaint is subject to *sua sponte* dismissal when an affirmative defense appears on its face); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995). Allegations that are not duplicative of her first complaint – and those seem to be limited to recitations of the First and Fourth Amendments to the Constitution – fail to state a

plausible claim. See 28 U.S.C. § 1915(e)(2)(B)(ii); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009).

Along with the her complaint, Hanson sought leave to proceed IFP pursuant to 28 U.S.C. § 1915)(a). That motion is granted. However, 28 U.S.C. § 1915(g) denies IFP status to prisoners who have filed complaints that were dismissed on at least three prior occasions as frivolous, malicious, or for failing to state a claim. The Court notes that this is Hanson's third complaint that has been dismissed, but will only be her second "strike" for purposes of the statute. See Snider v. Melindez, 199 F.3d 108 (2d Cir. 1999) (holding that § 1915(g) does not encompass dismissals for failure to exhaust).

The Court certifies pursuant to 28 U.S.C. § 1951(a)(3) that any appeal from this order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
--------------------------------
U.S.D.J.

Dated: Brooklyn, New York
       November 30, 2010